IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IVAN L. MENDEZ,                          :
                                         :
          Plaintiff,                     :
                                         :
     v.                                  : Civ. Action No. 07-831-JJF
                                         :
SUSSEX CORRECTIONAL                      :
INSTITUTION,                             :
                                         :
          Defendant.                     :

**ORDER**

1.   Plaintiff, Ivan L. Mendez, SBI #453351, a pro se
litigant who is presently incarcerated, has filed this action
pursuant to 42 U.S.C. § 1983 without prepayment of the filing
fee.  On January 4, 2008, the Court denied Plaintiff's Motion To
Proceed In Forma Pauperis.  (D.I. 4.)

2.   The Prison Litigation Reform Act ("PLRA") provides that
a prisoner cannot bring a new civil action or appeal a judgment
in a civil action in forma pauperis if he or she has three or
more times in the past, while incarcerated, brought a civil
action or appeal in federal court that was dismissed as
frivolous, malicious, or for failure to state a claim upon which
relief may be granted.  28 U.S.C. § 1915(g).  A case dismissed as
frivolous prior to the enactment of the PLRA (i.e., April 26,
1996) is counted when applying the "three strikes rule".  Keener
v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143 (3d Cir.
1997).  An exception is made to the "three strikes rule" when the
prisoner is in imminent danger of serious physical injury.

3.    Plaintiff, while incarcerated, has filed at least three
civil actions that were dismissed as frivolous, malicious or for
failure to state a claim upon which relief may be granted as
follows:  See Mendez v. Delaware Corr. Ctr., Civ. No. 05-303-JJF
(Dec. 1, 2005); Mendez v. Delaware Legal Sys., Civ. No. 05-304-
JJF (Dec. 1, 2005); Mendez v. Delaware State, Civ. No. 05-305-JJF
(Dec. 1, 2005); Mendez v. Delaware Psychiatric Ctr., Civ. No. 05-
306-JJF (Dec. 1, 2005).  Subsequent to the Court's denial of
Plaintiff's Motion For Leave To Proceed In Forma Pauperis,
Plaintiff filed a letter with supplemental facts in support of
his Complaint.  (D.I. 5.)  After reviewing the Complaint and its
supplemental letter, the Court determines that Plaintiff has
adequately alleged that, at time of the filing of the Complaint,
he was under imminent danger of serious physical injury.  See
Williams v. Forte, No. 04-2071, 135 Fed. Appx. 520 (3d Cir.
2005); Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001).
Therefore the Court **VACATES** the January 4, 2008 Order.  (D.I. 4.)

4.    Consistent with 28 U.S.C. § 1915(a)(1), Plaintiff has
submitted an affidavit stating that he has no assets with which
to prepay the filing fee.  Based on Plaintiff's affidavit, his
request to proceed in forma pauperis is **GRANTED**.

5.    Notwithstanding the above, pursuant to 28 U.S.C. §
1915(b)(1), Plaintiff shall be assessed the filing fee of
$350.00.  In order to determine the schedule of payment of the

2

filing fee, Plaintiff shall submit to the Clerk of Court, a certified copy of his trust fund account statement (memorandum or institutional equivalent, with attachments) **showing all deposits, expenditures and balances** during the six-month period immediately preceding the filing of the complaint, obtained from the appropriate official at the institution at which Plaintiff is confined. **FAILURE OF THE PLAINTIFF TO RETURN THE REQUESTED INFORMATION WITHIN 30 DAYS FROM THE DATE THIS ORDER IS SENT SHALL RESULT IN DISMISSAL OF THIS ACTION WITHOUT PREJUDICE.**

6.    Unless the Court determines from Plaintiff's financial information that he has no assets whatsoever, an initial partial filing fee of 20 percent (20%) of the greater of Plaintiff's average monthly deposit or average monthly balance in the trust fund account shall be required to be paid before the court reviews the complaint. **NOTWITHSTANDING ANY PAYMENT MADE, THE COURT SHALL DISMISS THE CASE IF THE COURT DETERMINES THAT THE ACTION IS FRIVOLOUS OR MALICIOUS, FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, OR SEEKS MONETARY RELIEF AGAINST A DEFENDANT WHO IS IMMUNE FROM SUCH RELIEF.**

DATED: January 22, 2008          _____
                                  United States District Judge

3