IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IVAN L. MENDEZ, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 07-831-JJF |
| SUSSEX CORRECTIONAL INSTITUTION, | : |
| Defendant. | : |

Ivan Mendez, Pro se Plaintiff.  Delaware Correctional Center, Smyrna, Delaware.

**MEMORANDUM OPINION**

May 13, 2008
Wilmington, Delaware

Farnan, District Judge

    Plaintiff Ivan L. Mendez ("Plaintiff"), an inmate at the Delaware Correctional Center ("DCC"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears <u>pro se</u> and was granted <u>in forma pauperis</u> status pursuant to 28 U.S.C. § 1915. (D.I. 9.)

    For the reasons discussed below, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## I. STANDARD OF REVIEW

    When a litigant proceeds <u>in forma pauperis</u>, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

    In performing the Court's screening function under § 1915(e)(2)(B), it applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). <u>Fullman v. Pennsylvania</u>

Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.

    A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint,

a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234. Because Plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

**II. DISCUSSION**

The Complaint is difficult to read, but it appears that Plaintiff takes exception to his housing/classification assignment. The Sussex Correctional Institution ("SCI") is the sole Defendant. Plaintiff's claim for monetary damages against the SCI is barred by the State's Eleventh Amendment immunity. See MCI Telecom. Corp. v. Bell Atl. of Pa., 271 F.3d 491, 503 (3d Cir. 2001). The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens,

regardless of the relief sought.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984); Edelman v. Jordan, 415 U.S. 651 (1974).  The SCI falls under the umbrella of the Delaware Department of Correction, an agency of the State of Delaware.  The State has not waived its immunity from suit in federal court, and although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983.  Brooks-McCollum v. Delaware, 213 Fed. Appx. 92, 94 (3d Cir. 2007) (citations omitted).  Moreover, the Court notes that inmates have "no legitimate statutory or constitutional entitlement" to any particular custodial classification even if a new classification would cause that inmate to suffer a "grievous loss."  Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976).

Based upon the foregoing, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as the SCI is immune from suit and the Complaint fails to state a claim upon which relief may be granted.

### III. CONCLUSION

For the reasons discussed, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Further, the Court concludes amendment of the Complaint would be futile.  An appropriate Order will be entered.